*33 OPINION.
Littleton :
It is the opinion of the Board that the evidence submitted fully supports the taxpayer’s claim that during the year 1918 *34 it was affiliated with The Republican Co., within the meaning oí section 240 oí the Revenue Act of .1018.
The principal officers of The Republican Co. testified that at the time that company acquired 80 per cent of the stock of The Daily .News Publishing Co. it was understood between them and Charles J. Bellamy, Jr., that they should have complete control of the affairs and policies of the corporation and of the voting rights of the stock which he desired to retain on account of his father’s long connection with The Daily News Publishing Co. Charles J. Bellamy, Jr., testified to the same effect, and stated that, at all times after the date of acquisition by The Republican Co. of 80 per cent of the stock, that company controlled the voting rights of the stock retained by him; that at the time of the sale he assured the officers of The Republican Co. that he would take no interest in the affairs of The Daily News Publishing Co. and that they should have complete control of the affairs and policies of the corporation, and that he would not, thereafter, vote his stock in opposition to their desires. This situation existed throughout the time that Bellamy was the owner of the stock. He was employed by The Daily News Publishing Co. in an editorial capacity, to which position he gave his exclusive time and attention, and took no interest in the business affairs of the corporation.
During the entire year 1918 up to December 15, 1918, Bellamy was in the military service of the United States and his stock during that time was not voted by anyone.
With respect to the second issue relative to the alleged erroneous increase by the Commissioner of 1918 income on account of Federal income and profits taxes determined by him to have been deducted by the taxpayer in computing its 1918 income, and his refusal to allow the taxpayer an additional deduction of $400.38 on account of Massachusetts taxes alleged to have accrued, or to have been paid, during the taxable year, the Board is unable to determine from the evidence whether or not the Commissioner erred' in this regard. The taxpayer’s counsel undertook to testify respecting these two items from information which he had obtained from others who were not present to testify and as to the contents of the books and records of the taxpayer which were not produced at the hearing. The Commissioner objected to the receipt of this testimony, upon the grounds that it was hearsay and that the books and records of The Daily News Publishing Co., which were not submitted, were the best evidence of the entries contained therein. After inquiry by the Division of the other witnesses present as to whether they had any knowledge of these matters, and upon being informed by them that they did not, the objection of the Commissioner to the testimony of taxpayer’s counsel was sustained.
*35 In matters of this character, statements made by persons who are not present to testify and to be subjected to cross examination, and statements as to what the books and records which are not produced for examination contain, can not be accepted by the Board for the purpose of making findings of fact and of reaching a correct conclusion with reference to items to which such statements relate.
It is not necessary to discuss taxpayer’s claim that different comparatives under section 328 should be selected, since the evidence does not show that the net income of $23,191.43 for the taxable year was incorrect, and for the further reason-that the Board has held that the taxpayer and The Republican Co. were afiiliated for the year 1918, which necessitates the recomputation of invested capital.

Order of redetermination will be entered on 15 days' notiee, under Bule 50.